Camillo Cicinelli v. Commissioner.
Cicinelli v. Commissioner
Docket No. 9841.
United States Tax Court
1947 Tax Ct. Memo LEXIS 82; 6 T.C.M. (CCH) 1051; T.C.M. (RIA) 47264; September 30, 1947
*82 Held, during the taxable years in question petitioner's adult son was a bona fide partner in a partnership otherwise composed of petitioner and two adult children, where such son contributed services constituting a substantial factor in the production of income; held, further, the partnership is not recognized as to petitioner's wife, contributing neither capital nor services, and one adult daughter, who contributed no capital and performed only minor services, and petitioner is taxable on the respective shares of income credited to them. John F. Langs, Esq., 2518 Buhl Bldg., Detroit, Mich., for the petitioner. Wesley A. Dierberger, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion This case involves an income tax deficiency determined by the Commissioner for the calendar year 1941, in the amount of $251.62, and an income and victory tax deficiency for the calendar year 1943, in the amount of $8,890.15. The computation of income tax for the calendar year 1942 is involved, three-fourths of which is forgiven and one-fourth of which is included in the tax determined to be payable in 1943. The issue is whether a wife and two children *83 are bona fide members of a partnership, otherwise composed of the husband and two other children. Findings of Fact Camillo Cicinelli, hereinafter referred to as petitioner, is an individual residing at Merrill, Michigan. His income tax returns for the years here involved were filed with the collector of internal revenue for the district of Michigan at Detroit, Michigan. In 1921 or 1922, petitioner became engaged in a wholesale poultry processing business which consisted of the purchase of poultry from farmers and subsequent resale thereof to butcher shops and small restaurants. At that time petitioner's wife, sometimes hereinafter referred to as Anna, was loaned or given approximately $2,000 in cash by her mother. She furnished these funds to her husband to be "put in the business". Petitioner provided an additional $2,000 of his own funds as capital. Petitioner then entered into a partnership with a William Curtis, who contributed no capital but had accumulated considerable prior experience in the poultry business. After a few years Curtis withdrew from the partnership. Thereupon, at a time undisclosed by the record, petitioner and his brother, Leo Cicinelli, entered into *84 a new partnership to conduct the same type of business. Due to a decline in business, the latter partnership was dissolved in 1937, at which time the partnership working capital had decreased to approximately $800. Because of the withdrawal of petitioner's brother from the partnership, the sickness of petitioner and his wife, and the critical condition of the poultry produce business, petitioner in 1937 discussed the situation with his, wife and four children. These children and their ages in 1937 were as follows: Frances, 21; Peter, 20; Salvatore, 19, and Josephine, 18. Petitioner explained that the only way the business could survive would be for everyone to "get together and all pitch in". The children agreed to this suggestion with the understanding that the profits of the business would be divided on the following bases: petitioner, three-tenths, his wife, three-tenths, and the four oldest children, one-tenth each. The agreement was oral and was never reduced to writing.During the subsequent years, the business was conducted under the name of "Cicinelli & Sons". Petitioner's wife, Anna, was ill continually from 1930 until her death in November 1943. During this 13-year period *85 she contributed no services to the business. In 1930, Frances left school because of her mother's illness and assumed the household duties which thereafter occupied her full time and effort. At no time during the taxable years here involved or prior thereto did she contribute any services to the poultry business. During the period from 1933 to 1935 when Peter was in high school, he and Salvatore solicited new customers, as well as additional sources of poultry from farmers and small produce dealers. This required weekly trips into southern Michigan and northern Indiana and involved long and strenuous hours crating, feeding and dressing poultry. During the 4-year period from 1935 to 1939 while in attendance at Alma College, Peter continued to devote at least six hours daily after school hours, in addition to longer hours during the summer, to increasing poultry suppliers and consumer outlets. He continued to work at least six hours a day for the business, before and after classes, while attending law school during the years 1940-1943. His activities during this period consisted of the solicitation of new customers in Detroit, weekend trips to Indiana to contact poultry dealers, *86 and assistance in the manual labor of the business at home. Peter also took an active part in the management and control of the partnership during the period of petitioner's illness from 1937 to 1940. In April 1943, he entered the military service, after which time he ceased to take any active part in the management and control of the business, and from that time rendered no service to the partnership. Upon Peter's return from military service in March 1946, he withdrew from the partnership but permitted the money representing his one-tenth interest to remain in the business without interest charges. Josephine was the bookkeeper from 1937 through the taxable years here involved. She did not maintain any capital accounts for any of the partners. Peter received no salary for any of his services. His necessary college expenses, including room and board, were paid out of general partnership funds by means of checks drawn periodically by Josephine. Salvatore also attended college from 1937 to 1939, his expenses being met in a similar manner. The funds required to meet college expenses were not charged against the one-tenth interests of Peter and Salvatore in the business. Josephine maintained *87 a record in a "little black book" of the annual withdrawals for personal expenses of each of the six parties. These withdrawals were equalized at the end of each year but were without reference to the agreed interests of the parties. No withdrawals by Peter were recorded for the years subsequent to 1943. The partnership profits were not distributed but were retained in the business except for (1) the aforesaid personal withdrawals; (2) the sum of $40 per week used for family food, clothing and household expenses, and (3) the college expenses of Peter and Salvatore. The two latter categories of expenses were not recorded in the "little black book", nor charged elsewhere against any personal accounts. All six parties were authorized to and did draw checks on the partnership bank account, such funds being occasionally used for personal expenses of the parties. Partnership returns were filed for the calendar years 1937-1943. The returns for the taxable years here in question disclosed "partners' shares of income" as follows: Income
Partners
1941
1942
1943
Camillo Cicinelli
$1,680.88
$ 4,221.36
$10,415.54
Anna Cicinelli
1,680.88
4,221.35
9,547.58
Peter Cicinelli
560.29
1,407.12
3,471.86
Josephine Cicinelli
560.29
1,407.12
3,471.86
Salvatore Cicinelli
560.29
1,407.12
3,471.86
Frances Cicinelli
560.29
1,407.12
3,471.86
Totals
$5,602.92
$14,071.19
$33,850.56
*88 The partnership returns for the taxable years 1937, 1938 and 1939 listed only petitioner, Peter, and Salvatore, as partners, with yearly variances as to the interests held thereby. The respondent determined that, during the taxable years in question, a partnership did exist with respect to petitioner, Salvatore and Josephine. The two children were held to be "each taxable upon 10 percent of the partnership income". The deficiencies arose because the respondent determined that the petitioner was taxable on 80 per cent of such income, on the holding that Anna, Peter, and Frances were not bona fide partners. During the taxable years here involved, Anna Cicinelli was not a bona fide partner, having contributed neither capital nor services. Frances Cicinelli was not a bona fide partner because she contributed no capital to the enterprise and, further, because she rendered no services at any time to the poultry business as such. Peter Cicinelli was a valid partner because of his contribution to the control and management of the business and performance of vital additional services. Opinion ARUNDELL, Judge: The question presented for our decision in the instant case is whether a valid *89 family partnership existed during the taxable years in question consisting of the petitioner, his wife, and four children. Petitioner contends that a valid partnership was formed pursuant to an oral agreement in 1937, among himself and his wife, Anna, each having a 30 per cent interest, and their four children, Frances, Peter. Salvatore, and Josephine, each having a 10 per cent interest. Respondent concedes the existence of the partnership during the taxable years as to petitioner, Salvatore, and Josephine, but denies that Anna, Frances, and Peter were bona fide partners in the business known as "Cicinelli & Sons" during those years. Numerous cases involving so-called "family partnerships" have recently been decided by this and other courts. Although members of a close family group may create a valid partnership which successfully meets the requirements of Federal tax statutes, such an arrangement must be carefully analyzed to determine whether its substance confirms the purport thereof. In , the Supreme Court said: "A partnership is generally said to be created when persons join together their money, goods, labor, or skill for *90 the purpose of carrying on a trade, profession, or business and when there is community of interest in the profits and losses. When the existence of an alleged partnership arrangement is challenged by outsiders, the question arises whether the partners really and truly intended to join together for the purpose of carrying on business and sharing in the profits or losses or both. And their intention in this respect is a question of fact, to be determined from testimony disclosed by their 'agreement, considered as a whole, and by their conduct in execution of its provisions.'" Recent cases make it apparent that family partnerships will not be recognized taxwise unless each partner provides (1) the investment of independent capital; (2) a contribution to the control or management of the business, or (3) the performance of vital additional services. The facts with reference to the activities of Anna, Frances, and Peter and their connection with the partnership have been related in detail in our findings. It appears Anna never performed any services or made any contribution to the control or management of the wholesale poultry business. The record is silent as to her activities prior *91 to 1930 and from that date to her death in 1943 she was too ill to work. The sole basis for the contention that Anna was a partner rests on the fact that in 1922 she gave her husband $2,000 to "put in the business", and this is said to be a contribution to capital on her part which gives her an interest which continued in the three successive partnerships. We are not convinced, however, that petitioner or his wife, at the time this transaction occurred, regarded the funds as a capital contribution by Anna pursuant to a partnership agreement. The only evidence before us which relates to the existence of this first partnership is testimony by the petitioner that Anna received $2,000 "from her folks"; that "she gave me cash"; she put the money in the business "as a partner", that Mr. Curtis was a partner, and that "I put all the money in, but he (Mr. Curtis) had the experience in the poultry business". The petitioner's testimony is unsupported by evidence of an agreement that they were to conduct a business or were to share in the profits and losses or that Anna had any authority to act or did act for the partnership. This is true, not only with reference to the initial partnership, but *92 all the succeeding ones. The partnership returns of income signed and filed by the petitioner for the taxable years 1937, 1938, and 1939, which were placed in evidence, did not mention Anna as a partner. On this point we sustain the respondent. It seems clear from the facts as found that Frances cannot qualify as a valid partner in the poultry business enterprise. She made no contribution of capital, nor did she render any services directly to the partnership. She does not appear to have participated in the control or management of the business. Due to the illness of her mother, Frances left school in 1930 and from that period devoted her full time to performing household duties. The fact that by so doing she may have freed the other members of the family so that they could devote more of their time to the operation of the business, and the further fact that they may have seen fit to reward her for keeping house for them, is not a sufficient basis to make her a partner in this business enterprise and we so hold. It would seem unnecessary again to detail the services performed and the various activities, both managerial and otherwise, contributed by Peter to this poultry enterprise. *93 We have concluded that during the years in question Peter was a valid member of the partnership. His services were of a substantial nature which were responsible to a considerable degree for the development of a profitable business. Even during the period when he attended college and law school, his activities were of such a substantial nature that they constituted a genuine and important contribution to the enterprise. These activities continued until the time of Peter's induction in the military service during the year 1943. We conclude that Peter was a member of the partnership during the taxable years in question and that Anna and Frances were not partners during those years. Decision will be entered under Rule 50.